UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VITO V. COSTA AND MARION P. COSTA,	15-cv-02674 (KPF)(LMS)

               Plaintiffs,	**AMENDED COMPLAINT**

        -against-	JURY TRIAL DEMANDED

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR GSR
MORTGAGE TRUST LOAN TRUST 2006-OAI
and SPECIALIZED LOAN SERVICING LLC,

               Defendants.
----------------------------------------------------------------X

Plaintiffs, by their attorneys, Steiner & Kostyn LLP complain of the defendants as follows:

1. This action is brought pursuant to Article 15 of the Real Property Actions and Proceedings Law to compel a determination of claims to real property located at 60 Interlaken Avenue, New Rochelle, NY, 10801, more particularly described in the deed attached hereto as Exhibit "A" (the "Premises").

**PARTIES**

2. The Plaintiff Vito V. Costa is an owner of the Premises in fee simple absolute, and is a mortgagor on the mortgage held by the defendant.

3. The Plaintiff Marion P. Costa is an owner of the Premises in fee simple absolute and is a mortgagor on the mortgage held by the defendant.

4. Defendant Deutsch Bank National Trust Company ("DBNTC") is a national banking association organized under the laws of the United States of America to carry on the business of a limited purpose trust company. DBNTC is sued herein in its capacity as

Trustee for FOR GSR Mortgage Trust Loan Trust 2006-OAI. DBNTC's main office and principal place of business is located at 300 South Grand Avenue, Suite 3950, Los Angeles, California 90071, and the principal site of its trust administration is located at 1761 East St. Andrew Place Santa Ana, California 97025.

5.      Defendant Specialized Loan Servicing LLC is limited liability company organized and existing under the laws of the State of Delaware with offices at 8742 Lucient Blvd. Suite 300 Highlands Ranch Co., and claims to be the mortgage servicer on the Loan.

## JURISDICTION

6.      This action was commenced in the Supreme Court of the State of New York, County of Westchester on March 2, 2015.

7.      The defendants filed Notice of Removal, removing the action to this Court on April 6, 2015.

8.      The Plaintiffs do not dispute that this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

## FACTS

**The Loan and Factual Allegations.**

9.      The Plaintiffs, Vito V. Costa and Marion P. Costa acquired the premises by Bargain and Sale Deed dated May 9, 2002 (hereinafter referred to as the "Deed").  The Deed was duly recorded in the office of the Westchester County Clerk on July 19, 2002.

10.     On or about November 7, 2006, the Plaintiffs, as Mortgagors, entered into a mortgage with MERS, Inc. as nominee for IndyMac Bank F.S.B. (the "Mortgage") The Mortgage, dated May 9, 2006, was recorded on November 5, 2007 in the Office of the

2

Westchester County Clerk. The Mortgage secured a loan in the amount of $544,000 (the "Loan"). A copy of the Mortgage is attached hereto as Exhibit "C".

11. On or about April 17, 2008, an assignment of the Mortgage was made by MERS, Inc., as nominee for IndyMac Bank F.S.B. to IndyMac Bank F.S.B. The assignment is attached hereto as Exhibit "D".

12. On March 20, 2008, IndyMac Bank F.S.B. filed an action against Vito V. Costa and Marion P. Costa in Supreme Court Westchester County for foreclosure of the Mortgage (the "Summons and Complaint" and the "foreclosure litigation"). The Summons and Complaint are annexed hereto as Exhibit "E".

13. Paragraph 7 of the Complaint alleges that the … "plaintiff, pursuant to the provisions of the said bond and mortgage *has elected and does elect that the entire unpaid balance of the principal sum thereby secured become immediately due and payable.*"

14. On July 11, 2008, IndyMac Bank, F.S.B., Pasadena, California (''IndyMac Bank'') (FIN # 10007) was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation (''FDIC'') was appointed as its receiver.

15. Pursuant to its statutory authority, the FDIC organized IndyMac Federal Bank, F.S.B., Pasadena, a new federal savings bank for which the FDIC was appointed as conservator.

16. On or about July 11, 2008, the assets of IndyMac Bank F.S.B., including the Mortgage, were transferred to IndyMac Federal Bank F.S.B.

17. On May 21, 2014 the FDIC as Receiver for IndyMac Federal Bank F.S.B., Successor to IndyMac Bank F.S.B. assigned the Mortgage to the defendant. The

Assignment was recorded with the land records of Westchester County at the office of the Westchester County Clerk on January 20, 2015.

18.     Prior to time that the Mortgage was assigned to DBNTC, on January 31, 2014, the foreclosure litigation was dismissed, by Order of the Hon. Alan D. Scheinkman, for failure to prosecute The Order dismissing the foreclosure litigation was filed on February 4, 2014.  The Order with Notice Of Entry, annexed hereto as Exhibit "F", was served on defendants on September 10, 2014.[1]

19.     The defendants claim, or it appears from the public records, that the defendants might claim an estate or interest in the real property, adverse to that of the plaintiffs, in that the defendant claims a secured interest in the Premises pursuant to the Mortgage.

20.     There are no unnamed defendants, known or unknown and no defendant is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

21.     The judgment will not affect any person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved; and every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

## AS AND FOR A FIRST CAUSE OF ACTION

22.     Paragraphs 1 through 21 are restated and realleged with the same force and effect as if fully stated and alleged herein.

23.     Other than this case, there is no pending litigation affecting the Premises.

---

[1]     The foreclosure action was dismissed after IndyMac Federal Bank's repeated failure to comply with its obligations in the Mortgage Foreclosure Settlement Conference Part.

24. The Mortgage was accelerated by IndyMac and fully due and payable no later than March 20, 2008.

25. On July 11, 2008, upon the failure of IndyMac, the FDIC became the receiver for assets of IndyMac, including the Mortgage and took the actions with respect to the Mortgage as set forth above.

26. When the FDIC, in its capacity as receiver, assigned the Mortgage to DBNTC, it acted as receiver for a private bank, asserting the interests of such private bank and not the Untied States government. As such, the actions of the FDIC were subject to the New York statute of limitations.

27. Pursuant to New York Civil Practice Law and Rules §213(4), an action to foreclose a mortgage must be commenced within six years of the accrual of the claim.

28. The Statute of Limitations to foreclose the Mortgage accrued with respect to the accelerated Loan on about March 20, 2008 and expired on about March 20, 2014.

29. The plaintiffs are entitled to a judgment to secure the cancellation and discharge of record of the Mortgage, and to a declaration adjudging the estate of the plaintiffs in such real property to be free from any encumbrance relating to the Mortgage.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Paragraphs 1 through 29 are restated and realleged with the same force and effect as if fully stated and alleged herein.

31. Alternatively, in the event that the New York State Statute of Limitations does not apply, the Mortgage is subject to the six-year statute of limitations contained in 12 U.S.C. § 1821(d)(14)(A)(i)(I) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").

32. The Mortgage had already been accelerated by IndyMac at the time that the FDIC became receiver.

33. As such, the statute of limitations on the Mortgage ran, at the latest, on July 11, 2014, six years after the FDIC was appointed as receiver of the assets of IndyMac.

34. The plaintiffs are entitled to a judgment to secure the cancellation and discharge of record of the Mortgage, and to a declaration adjudging the estate of the plaintiffs in such real property to be free from any encumbrance relating to the Mortgage.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Paragraphs 1 through 34 are restated and realleged with the same force and effect as if fully stated and alleged herein.

36. In paragraph 1 of the Complaint, IndyMac alleges that the plaintiff's executed a promissory note in the amount of $544,000, which note was secured by the Mortgage.

37. In paragraph 7 of the Complaint, IndyMac elects to accelerate the promissory note.

38. The statute of limitations pertaining to the promissory note expired on March 20, 2014.

39. The plaintiffs are entitled to a declaration discharging their obligations under the promissory note on the grounds of the expiration of the Statute of Limitations.

## JURY DEMAND

40. Plaintiff's demand trial by jury.

**WHEREFORE,** the plaintiffs demand judgment against the defendants:

(a) On the First Cause of Action, for judgment to secure the cancellation and discharge of record of Mortgage, and to a declaration adjudging the estate of the

6

plaintiffs in such real property to be free from any encumbrance relating to the Mortgage;

(b) On the Second Cause of Action for judgment to secure the cancellation and discharge of record of Mortgage, and to a declaration adjudging the estate of the plaintiffs in such real property to be free from any encumbrance relating to the Mortgage;

(c) On the Third Cause of Action for a declaration discharging their obligations under the promissory note on the grounds of the expiration of the Statute of Limitations;

(d) For costs of the action and;

(e) For such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York

   May 19, 2015

>Yours, etc.,
>STEINER & KOSTYN LLP
>
>By: _____
>Scott J. Steiner
>Attorneys for Plaintiffs
>2 William Street, Suite 302
>White Plains, NY 10005
>(914) 328-4734